

IN THE
TENTH COURT OF APPEALS

No. 10-13-00046-CR

ROBERT ALAN JAMES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. F46620

MEMORANDUM OPINION

Robert Alan James was convicted of continuous sexual abuse of a young child and sentenced to life in prison. TEX. PENAL CODE ANN. § 21.02 (West Supp. 2013). The victim was R.R., the daughter of James's girlfriend. Because the evidence is sufficient to support the conviction, the trial court's judgment is affirmed.

In one issue, James contends the evidence is insufficient to support his conviction because the State did not prove that James had sexually abused R.R. on at least two occasions in a period of 30 days or more.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and

can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits an offense of continuous sexual abuse of a young child if, during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse against a child younger than 14 years of age. TEX. PENAL CODE ANN. § 21.02 (West Supp. 2013).

R.R. made an outcry while at school of an instance the previous night of sexual abuse by James. James characterizes the totality of the evidence as only showing one act of sexual abuse; or at most, two instances which occurred on the same night. However, there was also evidence that an act of sexual abuse of R.R. by James occurred at the house of R.R.'s grandparents a year and a half earlier. Although R.R. testified that an act occurred at her grandparents' house and then later during her testimony claimed she was mistaken, there was testimony that R.R. had been told by her mother, C.R., and James not to talk about that particular incident with anyone. C.R. corroborated R.R.'s outcry of an act occurring at the grandparents' house.

Further, semen stains, from which James could not be excluded as the contributor, were found on two pairs of R.R.'s panties and in multiple areas on R.R.'s mattress. Although testimony from James's brother indicated that R.R.'s mattress was old and previously used by James and C.R., R.R.'s mother produced a receipt which

showed she purchased the mattress as a new item when James moved in with her and R.R. She also testified that she and James never used the mattress.

Accordingly, considering all of the evidence in the light most favorable to the verdict, a rational fact finder could have found beyond a reasonable doubt that two or more acts of sexual abuse occurred over a period of 30 or more days. James's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Affirmed
Opinion delivered and filed March 6, 2014
Do not publish
[CRPM]